| STATE OF LOUISIANA | * | NO. 2023-K-0253 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| ANTHONY NATHANIEL GREEN, SR. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**DYSART, J., DISSENTS, IN PART; CONCURS, IN PART.**

I concur with the majority opinion regarding the admissibility of the audio of the identification process and denial of mental defect defense; however, I respectfully disagree with the majority opinion insofar as it reverses the trial court's ruling denying Defendant's Motion to Exclude Other Crimes Evidence.

Here, Defendant is charged with first degree rape but asserts that the encounter in question was consensual. The victim emphatically denies this and, as such, even if the Defendant argues that he was mistaken that the victim was a willing participant, absence of mistake becomes a central issue.

After review, I find that the State should be allowed to introduce the evidence under La. C.E. art. 404(B), which provides:

> "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, **absence of mistake** (Emphasis Ours)…."

Here, the evidence of past acts includes body-camera footage and a police report related to a 2014 incident in which the Defendant demanded sexual gratification in a confrontation that included a shoving match with a visitor to his apartment. After the visitor denied the sexual demand, she withdrew and armed

herself with a bat as defendant retreated and armed himself with a firearm. In my opinion, the actions of the defendant in this past act are reflective of a lack of consent or absence of mistake and would therefore be admissible in the current case under the provisions of 404(B).